UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS,<br><br>    Plaintiff,<br><br>v.<br><br>THE HONORABLE EDWARD A. JEREJIAN, in his Official Capacity as Judge of the Superior Court of Bergen County; CHIEF ARTHUR O'KEEFE, as an individual, and in his Official Capacity as Chief of the Englewood, New Jersey Police Department; JOHN J. HOFFMAN, in his Official Capacity as Attorney General of New Jersey,<br><br>    Defendants. | Civ. No. 14-6688 (WJM)<br><br>OPINION |

Plaintiff Marc Stephens—representing himself *pro se*—asks this Court to reconsider its dismissal of his complaint so that he may amend it for a third time. Stephens was denied a gun permit after four judicial hearings and brings this action alleging that New Jersey's firearm regulatory scheme is unconstitutional. For the reasons set forth below, Plaintiff's motion for reconsideration and to amend is **DENIED**.

I.   BACKGROUND

Plaintiff applied for a New Jersey firearms purchaser identification card as well as permits to purchase handguns in New Jersey. His applications were denied. Stephens then appealed to the New Jersey Superior Court where, after four hearings, the Honorable Edward Jerejian ultimately upheld the denial of Stephens' applications, citing concerns about public health, safety, and welfare pursuant to N.J.S.A. 2C:58-3(c)(5).

Plaintiff filed suit in this Court against Judge Jerejian and the other Defendants under 42 U.S.C. §1983, alleging a violation of his Second Amendment right to bear

arms, *inter alia*. Defendants moved to dismiss and this Court granted their motion on August 4, 2015. In its opinion, this Court found New Jersey's firearm regulations to be constitutional under current Third Circuit and Supreme Court jurisprudence. (Docket No. 17.) In addition, the Court found that under the *Rooker-Feldman* doctrine, only a state appellate court or the U.S. Supreme Court could nullify the Superior Court's decision. (*Id.*)

Subsequently, on August 18, 2015, Stephens filed the instant motion for reconsideration and to amend his complaint. The amended complaint was filed on September 21, 2015. Stephens reiterates his claim that New Jersey's entire firearm regulatory scheme is facially unconstitutional. Stephens also argues that the *Rooker-Feldman* doctrine does not apply because he is not seeking to nullify the Superior Court's ruling so much as he is using it as an example of how New Jersey's firearm regulations are unconstitutional.

## II.   DISCUSSION

### A.   Motion for Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") allows a party to move a district court to reconsider its judgment. A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1995) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007). A motion for reconsideration is not an appeal, and a "party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for [reconsideration]." *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

Plaintiff fails to demonstrate why this Court should reconsider its prior ruling. In his motion for reconsideration, Plaintiff does not allege an intervening change in controlling law or the availability of new evidence. Consequently, Plaintiff—in his only remaining argument—fails to show how this Court overlooked a clear error of law or fact. Plaintiff points to his fifth cause of action to argue that he was not only seeking a review of the Superior Court's decision, but also asserting a "facial

challenge of New Jersey's entire firearm laws." (Plaintiff's Motion for Reconsideration ("Pl. Mt.") at 2, ECF No. 19.) However, the Court dismissed this claim in its prior opinion, noting that the Third Circuit has upheld New Jersey's firearm regulatory scheme as constitutional under *Heller*. (Docket No. 17.) Plaintiff thus merely re-iterates his assertions from the underlying motion to dismiss and asks this Court to "rethink what it ha[s] already thought through." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Since this is an improper basis for requesting a reconsideration of its decision, the Court denies Plaintiff's motion.

### B. Motion to Amend

Plaintiff also moves to amend his complaint for a third time.[1] Though the FRCP states that the decision to grant or deny leave to amend is "committed to the sound discretion of the district court," a court must "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), unless there is "undue delay, bad faith, dilatory motive, prejudice, [or] futility," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has stated that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To determine whether providing leave to amend would be futile, the Third Circuit has instructed that a district court should apply the same legal standard as applied under Rule 12(b)(6). *Id.*

In his motion, Plaintiff states that he intends to amend his complaint "to remove the first, second, third, and fourth cause[s] of action[]" and "to include language . . . to re-establish standing." (Pl. Mt. at 2.) However, the mere removal of claims is insufficient to obviate the legal deficiency underlying Plaintiff's sole remaining claim from the prior complaint. Plaintiff's additional claims in the amended complaint suffer from this same deficiency, namely that binding Third Circuit precedent has upheld New Jersey's "justifiable need" requirement as constitutional. *See Drake v. Filko*, 724 F.3d 426, 429 (3d Cir. 2013); (Docket No. 17.) Consequently, the Court denies Plaintiff's motion to amend, as granting such leave would be futile.

## III. CONCLUSION

---

[1] Plaintiff did not attach a proposed amended complaint to his motion, submitting it at a later date. (Docket No. 21.) The Court will accept this late submission in the interest of justice.

For the reasons above, Plaintiff's motion for reconsideration and to amend is **DENIED**. An appropriate order follows.

                                                       /s/ William J. Martini
                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 13, 2015**