15-3992

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within 14 days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

**SHORT CAPTION:** Marc A. Stephens vs Jerejian et al.

**USCA NO.:** _____

**LOWER COURT or AGENCY and DOCKET NUMBER:**
District of New Jersey, 2:14-cv-06688-WJM-MF

**NAME OF JUDGE:** Honorable William J Martini

**Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:**

Plaintiff-Appellant contend that the State of New Jersey's Firearm Laws, including but not limited to: N.J. Stat. §2C:39-2, 2C:39-3, 2C:39-4, 2C:39-5, 2C:39-6, 2C:39-9, 2C:39-14, 2C:58-3, 2C:58-3b, 2C:58-3c, 2C:58-3c(5), 2C:58-3d, 2C:58-3e, 2C:58-3f, 2C:58-3h, 2C:58-3i, 2C:58-3j, 2C:58-4a, 2C:58-4b, 2C:58-4c, 2C:58-4d, 2C:58-4f, 2C:58-5, 2C:58-6.1, 2C:58-7, 2C:58-10, 2C:58-12, 2C:58-15, 2C:58-17, 2C:58-19, and related statues such as N.J.A.C. 13:54, are all facially unconstitutional because based on historical analysis each statue was motivated by and passed through legislature based on racism and discrimination which are violations of the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution.

(1) The action is for deprivation of civil rights pursuant to 42 U.S.C 1983.
(2) Appellant is an individual who applied for a firearm permit and was denied in state court, and filed a separate and independent complaint in district court stating New Jersey firearm laws are facially unconstitutional which was dismissed with prejudice. Defendants-Appellee is 1 Superior Court Judge, 1 Chief of police, and the New Jersey Attorney General.
(3) Appellant seeks declaratory and injunction relief. Appellant does not seek money damages.
(4) Appellant appeal from the opinion and order dated August 4, 2015, November 13, 2015, and December 1, 2015 which denied appellants complaint and motions for reconsideration.

**LIST and ATTACH a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.**

- Opinion dated August 4, 2015, ECF no. 17
- Order dated August 4, 2015, ECF no. 18
- Opinion dated November 13, 2015, ECF no. 23
- Order dated November 13, 2015, ECF no. 24
- Order dated December 1, 2015, ECF no. 26

**Provide a short statement of the factual and procedural background, which you consider important to this appeal:**

The district court dismissed appellant's complaint challenging New Jersey permit and licensing law holding that New Jersey's firearm laws are constitutional under Drake v Filko. The plaintiff argues that the trial court is in clear error of facts and law because the District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 and McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 opinion that States cannot enforce gun control laws or interfere with the citizens' rights to keep and bear arms. The plaintiff also argues that the trial court is in clear error of facts and law when it dismissed plaintiff separate and independent complaint pursuant to the Rooker-Feldman doctrine.

**Identify the issues to be raised on appeal:**

1. Whether the trial court erred in dismissing the plaintiff's complaint with prejudice holding that New Jersey Firearm permit and licensing laws are constitutional under Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013) despite the United States Supreme Court opinion in District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 and McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 saying States cannot enforce gun control laws or interfere with the citizens' rights to keep and bear arms.

2. Whether the trial court erred in denying plaintiff's right to amend the complaint and holding that the Rooker-Feldman doctrine bars the plaintiff from filing a separate and independent complaint in federal court after losing in State court regarding the constitutionality of New Jersey's Firearm permit and licensing laws.

3. Whether New Jersey's permit and licensing laws are unconstitutional and should be reviewed by the court under Strict-Scrutiny because the right to keep and bear arms is a guaranteed, inalienable, and fundamental right.

4. Whether New Jersey's permit and licensing laws are unconstitutional and should be reviewed by the court under Strict-Scrutiny because New Jersey Legislature passed their firearm laws based on racism and discrimination.

5. Whether New Jersey's legislature historical background and administrative records suggests intent to deprive African Americans from the right to keep and bear arms in violation of the fourteenth amendment of the United States Constitution.

6. Whether Citizens must first obtain a permit or license to carry firearms at home and in public and if the State of New Jersey can ban arms, firearms, ammunition, and interfere with citizen's right to keep and bear arms due to public safety concerns.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this _11_ day of _DECEMBER_, 2015.

_____
Signature of Counsel
Rev. 07/2015