# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MARC A. STEPHENS,<br>Plaintiff,<br>v.<br><br>THE HON. EDWARD A. JEREJIAN, in his Official Capacity as Judge of the Superior Court of Bergen County;<br>CHIEF ARTHUR O'KEEFE, as an individual, and in his Official Capacity as Chief of the Englewood, New Jersey Police Department<br>JOHN JAY HOFFMAN in his Official Capacity as Attorney General of New Jersey<br>Defendants | CASE No. 15-3992<br>D. N.J No. 2:14-cv-06688-WJM-MF<br><br>**PLAINTIFFS' MOTION TO EXPEDIATE BRIEFING AND HEARING ON APPEAL** |

## MOTION TO EXPEDITE BRIEFING AND HEARING ON APPEAL

Pursuant to Third Circuit Local Appellate Rule 4.1, plaintiff-appellant Marc Stephens respectfully moves to expedite this appeal based on the exceptional reasons stated below. The action is for deprivation of civil rights pursuant to 42 U.S.C 1983. Plaintiff's motion to expedite the briefing, oral argument, and hearing of the appeal should be granted. Good cause exists for expediting the briefing and hearing of this appeal. In addition, the court on its own can expedite the proceedings. Expedited consideration of this appeal will not be impeded by preparation of transcripts.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal of the U.S. District Court granting Defendant's Motion to Dismiss. There has been no trial in the matter. Appellant timely filed this appeal on December 11, 2015, and provided an Argument in support of Appeal on January 27, 2016.

## ARGUMENT

**A. GOOD CAUSE EXISTS TO EXPEDITE THIS APPEAL BECAUSE IT INVOLVES THE RESOLUTION OF A CRITICALLY IMPORTANT CONSTITUTIONAL QUESTION AND APPELLANT IS SUFFERING IRREPARABLE HARM.**

Plaintiff has spent a considerable amount of time, expenses, and resources dealing with the court proceedings since January 11, 2013. Plaintiff is pro se, and the court proceedings have

taken a toll on his ability to maintain work and have created hardship. The defendants' constitutional violations caused plaintiff-appellant irreparable injury. It has long been established that the loss of constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." **Elrod v. Burns, 427 U.S. 347, 374 (1976).**

Pursuant to **28 U.S. Code § 1657**, "the court shall expedite the consideration of any action if good cause therefor is shown. "Good cause" is shown if a right under the Constitution of the United States or a Federal Statute..would be maintained in a factual context that indicates that a request for expedited consideration has merit. "It is abundantly clear that Congress intended to give preference on crowded court dockets to federal questions." **Zukowski v. Howard, Needles, Tammen, & Bergendoff, 115 F.R.D. 53, 55 (D. Colo. 1987)**.

### B. ON ITS OWN A COURT OF APPEALS MAY EXPEDITE ITS DECISION

Pursuant to **Rule 2** of the Federal Rules of Appellate Procedure, "On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs".

### C. EXPEDITING THE BRIEFING WOULD NOT PREJUDICE ANY PARTY

The issues in this case are straightforward; the United States Supreme Court has already ruled and made it very clear that:

(1) The people have a right to keep and bear arms at home and in public in case of confrontation, District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2797;

(2) The right to keep and bear arms is a fundamental right, McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3036, 3037, 3040, 3041, 3042, 3046, 3061, 3064, 3068, 3073, 3131;

(3) "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491;

(4) "[T]he State cannot interfere with the right of the citizen to keep and bear arms, McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083;

(5) "The state cannot enact any gun control law that they deem to be reasonable. Time and again, however, those pleas failed", McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3046.

(6) "The right of the whole people, old and young, men, women and boys, and not militia only, to keep and bear arms of every description, and not such merely as are used by the militia, shall not be infringed, curtailed, or broken in upon, in the smallest degree, District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2809.

(7) The people have a right to conceal arms "'wear, bear, or carry … upon the person or in the clothing or in a pocket, for the purpose … of being armed and ready for offensive or defensive action in a case of conflict with another person"; District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2793.

(8) The people do not need to first obtain a firearm permit or license to keep and bear arms. "It is settled by a long line of recent decisions of this Court that an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms." Staub v. Baxley, 355 U. S. 313, 322. [3] Lovell v. Griffin, 303 U. S., at 452-453; Schneider v. State, 308 U. S., at 159, 165; Largent v. Texas, 318 U. S., at 419, 422; Jones v. Opelika, 316 U. S., at 602 (Stone, C. J., dissenting), adopted per curiam on rehearing, 319 U. S., at 104; Staub v. Baxley, 355 U. S., at 319; Freedman v. Maryland, 380 U. S. 51, 56-57.

(9) The people are protected by the Fifth Amendment from the obligation to register firearms. [firearm law]…"creates a "status of unlawful possession" which, if assumed by an individual, denies to him the protection of the constitutional privilege", Castellano v. United States, supra, at 854. Haynes v. United States, 390 US 85 - Supreme Court 1968 at 95.

**CONCLUSION**

Due to direct and unrefuted evidence, and Supreme Court rulings, there is only one reasonable conclusion that the Court could reach, and can quickly reach a decision in favor of the plaintiff-appellant. Appellant respectfully request that the Court grant this motion for expedited briefing and hearing and set the following schedule for this appeal:

**Opening Brief: June 16, 2016**
**Answering Brief: June 23, 2016**
**Reply Brief: June 30, 2016**

Dated: May 25, 2016

Respectfully submitted,

Marc Stephens

201-598-6268

# CERTIFICATE OF SERVICE

I, Marc Stephens, Plaintiff-Appellant, pro se, hereby certify that on May 25, 2016, I filed an MOTION TO EXPEDITE THE APPEAL using the CM/ECF system, which will then send a notification to the defendants Honorable Judge Edward A. Jerejian, Attorney General John J. Hoffman, and their counsel:

Adam Robert Gibbons, DAG: Adam.Gibbons@dol.lps.state.nj.us
Alex J. Zowin: Alex.Zowin@dol.lps.state.nj.us


**MARC ANTHONY STEPHENS**
Plaintiff-Appellant, pro se


By:  s / Marc Anthony Stephens
Marc Anthony Stephens