UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3992
_____

MARC A. STEPHENS, Appellant

v.

THE HONORABLE EDWARD A. JEREJIAN, in his Official Capacity as Judge of the
Superior Court of Bergen County; CHIEF ARTHUR OKEEFE, as an individual, and in
his Official Capacity as Chief of the Englewood, New Jersey Police Department;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-14-cv-06688)
District Judge: Honorable William J. Martini
_____

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges
_____

**Petition for Rehearing and Rehearing En Banc**
_____

Marc A. Stephens
Plaintiff-Appellant
Pro se

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PETITION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 1

STATEMENT OF THE ISSUES . . . .............. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

WHY THE PETITION FOR REHEARING OR REHEARING EN BANC
SHOULD BE GRANTED………………………………………………….… 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   I.    APPELLENT HAS A FUNDAMENTAL CONSTITUTIONAL RIGHT
TO USE THE COURT SYSTEM TO CHALLENGE NEW JERSEY'S
FIREARM LAWS AS FACIALLY UNCONSTITUTIONAL………………… 3

   II.   THE PANEL IS IN CLEAR ERROR OF LAW AND FACTS AND
OVERLOOKED APPELLANT'S ARGUMENTS AND LOCAL RULES……… 5

   III.  APPELLENT COMPLAINT, MOTIONS FOR RECONSIDERATION
AND APPEAL HAS MERIT………………………………………………… 13

   IV.   THE PANEL SHOULD HAVE REVIEWED THE APPEAL DE NOVO……… 14

   V.    CONCLUSION……………………………………………………………. 15

# TABLE OF AUTHORITIES

| Authority | Pages |
|---|---|
| Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013) | 1, 2, 8, 9, 13 |
| District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 | 1,2,8,9,15 |
| McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 | 1,2,4,8,9,10,12,13,15 |
| Texas v. Johnson, 491 U.S. 397, 420–21 (1989) | 2 |
| Goss v. State of Illinois, 312 F. 2d 257 - Court of Appeals, 7th Circuit 1963 at 259 | 3 |
| Boddie v. Connecticut, 401 US 371 - Supreme Court 1971 at 374 | 3 |
| Chambers v. Baltimore & O.R.R., 207 U.S. 142, 148 (1907); | 3 |
| McKnett v. St. Louis & S.F. Ry., 292 U.S. 230, 233 (1934) | 4 |
| Miranda v. Arizona, 384 US 436 - Supreme Court 1966 at 491. | 4 |
| Ex parte Hull, 312 U.S. 546 (1941) | 4 |
| Johnson v. Avery, 383 U.S. 483 (1969) | 4 |
| Bounds v. Smith, 430 U.S. 817 (1977) | 4 |
| Connolly v. Union Sewer Pipe Co., 184 US 540 - Supreme Court 1902 at 558 | 4 |
| Smith v. United States, 502 F. 2d 512 - Court of Appeals, 5th Circuit 1974 at 516 | 4 |
| Zamel v. Port of New York Auth., 56 N.J. 1, 6, 264 A.2d 201 (1970) | 4 |
| Bernstein v. Board of Trustees of Teachers' Pension Annuity Fund, 151 N.J.Super. 71, 376 A.2d 563 (App.Div.1977) | 4 |
| Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) | 5 |
| Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) | 5 |
| Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) | 5 |
| Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006) | 5 |
| Banks v. Wolk, 918 F.2d 418, 423 (3d Cir.1990) | 5 |
| Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004) | 5 |
| Scott v. New Jersey State Police, Dist. Court, D. New Jersey 2014 | 5 |

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)     6

McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)     6

Haines v. Kerner, 404 U.S. 519, 520-21 (1972)     6

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)     6

Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015)     6, 7

National Union Fire Ins. Co. v. Barney Assoc.,
130 F.R.D. 291, 294 (S.D.N.Y. 1990).     6

Halbert v. Michigan, 545 U.S. 605, 621 (2005)     6

Erickson v. Pardus, 551 U.S. 89, 94 (2007)     6

Estelle v. Gamble, 429 U.S. 97, 106 (1976)     6

(same); Haines v. Kerner, 404 U.S. 519, 520-21 (1972)     6

Cf. Schacht v. United States, 398 U.S. 58, 64 (1970)     6

cf. Rosen v. Rucker, 905 F.2d 702, 707 n. 5 (3d Cir.1990)     6

Bane v. Netlink, Inc.,
925 F. 2d 637 - Court of Appeals, 3rd Circuit 1991, footnote 1     6

Turner v. Evers, 726 F. 2d 112 - Court of Appeals, 3rd Circuit 1984 at 114     7,8

Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996)     7

D'Atria v. D'Atria, 242 N.J. Super. [392,] 401 (Ch. Div. 1990).     7,11

Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1993)     7

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).     7,11,13

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,
602 F.3d 237, 251 (3d Cir. 2010)     7

Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,
176 F.3d 669, 677 (3d Cir. 1995)     7,13

North River Ins. Co. v. CIGNA Reinsurance Co.,
52 F.3d 1194, 1218 (3d Cir. 1995)     7

In re Rose, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007)     8

Zablocki v. Redhail, 434 US 374 - Supreme Court 1978 at 381     10

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,
602 F.3d 237, 251 (3d Cir. 2010)                                                10

Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)                       11

Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)                           12

Lee v. Tennis, No. 08–1972, 2010 WL 3812160, *5 (M.D.Pa. Sept. 22, 2010)        13

Concrete Pipe and Prods. v. Construction Laborers Pension Trust,
508 U.S. 602, 623 (1993)                                                        14

Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 (1982)  14

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)                           14

**FEDERAL STATUES**

42 U.S.C. § 1983                                                                2

Rule 4(a)(4)(A)(iv)                                                             1,2,4,6

Rule 59(e)                                                                      1,2,4

# PETITION FOR REHEARING

Pro Se, Appellant Marc Stephens, petitions for rehearing or rehearing en banc of the Order dated <u>June 16, 2016</u>, **ECF no. 29**, **Doc. #003112327937**, which dismissed Appellant appeal challenging the District Court's orders granting the defendants' <u>motion to dismiss</u> and denying Stephens's <u>first</u> motion for reconsideration, and summarily affirm the District Court's order denying Stephens's <u>second</u> motion for reconsideration. The panel <u>denied</u> Stephens Appeal because it opinioned that his notice of appeal was not filed within 30 days, so the Court lack Jurisdiction. Appellant argues that pursuant to Rule 59(e) and 4(a)(4)(A)(iv) the court is in Error because <u>appellant filed timely</u>, and <u>Heller and McDonald are the controlling law</u>.

## STATEMENT OF THE ISSUES

1. Whether the trial court erred in dismissing the plaintiff's complaint with prejudice holding that New Jersey Firearm permit and licensing laws are constitutional under Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013) despite the United States Supreme Court opinion in District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 and McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 saying States cannot enforce gun control laws or interfere with the citizens' rights to keep and bear arms.

2. Whether the trial court erred in denying plaintiff's right to amend the complaint and holding that the Rooker-Feldman doctrine bars the plaintiff from filing a separate and independent complaint in federal court after losing in State court regarding the constitutionality of New Jersey's Firearm permit and licensing laws.

3. Whether New Jersey's permit and licensing laws are unconstitutional and should be reviewed by the court under Strict-Scrutiny because the right to keep and bear arms is a guaranteed, inalienable, and fundamental right.

4. Whether New Jersey's permit and licensing laws are unconstitutional and should be reviewed by the court under Strict-Scrutiny because New Jersey Legislature passed their firearm laws based on racism and discrimination.

5. Whether New Jersey's legislature historical background and administrative records suggests intent to deprive African Americans from the right to keep and bear arms in violation of the fourteenth amendment of the United States Constitution.

6. Whether Citizens must first obtain a permit or license to carry firearms at home and in public and if the State of New Jersey can ban arms, firearms, ammunition, and interfere with citizen's right to keep and bear arms due to public safety concerns.

# WHY THE PETITION FOR REHEARING OR
# REHEARING EN BANC SHOULD BE GRANTED

On October 27, 2014, the plaintiff Marc Stephens, pro se, filed an independent Complaint with the District Court, under 42 U.S.C. § 1983 for denial of Constitutional rights, which facially challenged the constitutionality of the entire New Jersey Firearm Statues which was enacted by its Legislature based on racism and discrimination against African-Americans, aka black freedmen, **ECF no. 6**. see also, appellant's reply briefs, **ECF no. 15-1**, first motion for reconsideration, **ECF no. 19**, and **ECF no. 22,** second motion for reconsideration, **ECF no. 25,** and argument in support of the appeal, **Doc no. 003112190648**. It is painfully obvious that the District Court, and the Court of Appeals panel, overlooked Appellant's constitutional arguments, and the controlling law of the United States Supreme Court in Heller and McDonald.

The District Court dismissed Appellant's complaint stating Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013) held that New Jersey's firearm laws are constitutional under Heller.

Appellant Marc Stephens put forth additional information that Drake v Filko was (1) incorrectly reviewed under intermediate scrutiny and that the court must apply strict scrutiny, (2) **District of Columbia v. Heller (2008)** held citizens have the right to keep and bear arm at home and in public of any description, (3) **McDonald v. City of Chicago (2010)** held the state cannot interfere with the right of the citizen to keep and bear arms, the state **cannot** enact gun control laws, and that states, such as New Jersey, enacted legislation prohibiting blacks from carrying firearms without a license, a restriction **not imposed on whites**.

Both Heller and McDonald are the controlling laws. The 4th, 6th, 7th, 9th, and 10th Circuits have all respectfully applied the Constitution and the precedents of the United Supreme Court regarding the individual right to keep and bear arms at home and in public, and the 3rd circuit must follow suit. Drake v Filko does not supersede the precedents of the U.S. Supreme Court.

Marc Stephens appeal was denied despite the fact that he raised his constitutional right to keep and bear arms argument in his complaint, and first and second motion for reconsideration, which was deliberately overlooked by the District Court, and the Court of Appeals Panel. In addition, according to **Rule 59(e),** and **Fed. R. App. P. 4(a)(4)(A)(iv)**, appellant timely filed a Notice of Appeal, and the Panel cannot deny access to the court because appellant has a "fundamental" constitutional right to use the court system.

"Federal judges must apply the Constitution and the precedents of the Supreme Court regardless of what each judge might believe as a matter of policy or principle". **See Texas v. Johnson, 491 U.S. 397, 420–21 (1989) (Kennedy, J., concurring)** ("The hard fact is that

sometimes we must make decisions we do not like. We make them because they are right, right in the sense that the law and the Constitution, as we see them, compel the result.").

ARGUMENT

I.  APPELLANT HAS A <u>FUNDAMENTAL CONSTITUTIONAL RIGHT</u> TO USE THE COURT SYSTEM TO CHALLENGE NEW JERSEY'S FIREARM LAWS AS FACIALLY UNCONSTITUTIONAL

The 30 day <u>state or federal enactment</u> to file a Notice of Appeal <u>does not apply</u> to Appellant Marc Stephens in order to sue in court. As a natural person of the United States of America and a Citizen of the United States, Appellant has a <u>fundamental constitutional right</u> to use the court system and any government restriction affecting this right is subject to strict scrutiny. This right is based on the <u>First</u>, <u>Fifth</u> and <u>Fourteenth</u> Amendments to the Constitution. Under the First Amendment, plaintiff has the right to "petition the government for a redress of grievances," and under the Fifth and Fourteenth Amendments, plaintiff has a right to due process, and equal protection of the law. The **First Amendment** reads, "<u>Congress shall make no law</u> respecting an establishment of religion, or <u>prohibiting the free exercise thereof</u>; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and <u>to petition the government for a redress of grievances</u>". State judges, as well as federal, have the responsibility to respect and protect persons from violation of federal constitutional rights, **Goss v. State of Illinois, 312 F. 2d 257 - Court of Appeals, 7th Circuit 1963 at 259**.

Third circuit court of appeals miscellaneous fee schedule <u>28 U.S.C. §1913</u> Notice of Appeal including Filing Fee (Paid in the District Court) is <u>$505.00</u>. The District Court initially <u>rejected</u> Marc Stephens' motion to proceed in Forma Pauperis, **ECF no. 5**. Marc Stephens knew he <u>could not pay for the appeal</u> so he desperately focused on trying to get the court to <u>stop overlooking his evidence</u> by filing motions for reconsideration. Because of the high fees required to file an Appeal, Appellant <u>could not</u> timely file his appeal on the dismissal of his complaint and first motion for reconsideration. "Requiring <u>payment of court fees</u> and expenses as a condition precedent to obtaining court relief [are] **unconstitutional** [as] applied to these indigent [appellants] and all other members of the class which they represent."…"At its core, the right to due process reflects a **fundamental** value in our American constitutional system", **Boddie v. Connecticut, 401 US 371 - Supreme Court 1971 at 374.**

"The **right** to sue and defend in the courts is one of the highest and most essential privileges of citizenship and must be allowed by each State to the citizens of all other States to the same extent that it is allowed to its own citizens, **Chambers v. Baltimore & O.R.R., 207 U.S. 142, 148 (1907); McKnett v. St. Louis & S.F. Ry., 292 U.S. 230, 233 (1934).** "[T]here is

no legislative interest in barring meritorious claims brought in good faith[.]" Ferreira, supra, 178 N.J. at 150-51, 836 A.2d 779 (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 359, 771 A.2d 1141 (2001)). Indeed, the Legislature did not intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted).

"Where **rights** secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." **Miranda v. Arizona, 384 US 436 - Supreme Court 1966 at 491**. See also, Ex parte Hull, 312 U.S. 546 (1941), Johnson v. Avery, 383 U.S. 483 (1969), and Bounds v. Smith, 430 U.S. 817 (1977). "The Constitution of the United States is the supreme law of the land, anything in the Constitution or statutes of the States to the contrary notwithstanding, a statute of a State, even when avowedly enacted in the exercise of its police powers, must yield to that law. **No right** granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment". **Connolly v. Union Sewer Pipe Co., 184 US 540 - Supreme Court 1902 at 558**. "The Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms", **Smith v. United States, 502 F. 2d 512 - Court of Appeals, 5th Circuit 1974 at 516**. "Congress cannot interfere with the right of the citizen…", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3077**. See also, Bill Johnson's Restaurants, Inc. v. NLRB; BE&K Construction Co. v. National Labor Relations Board; California Motor Transport v. Trucking Unlimited; Eastern Railroad Presidents Conference v. Noerr Motor Freight Inc.

The doctrine of substantial compliance is used by courts to "avoid technical defeats of valid claims," **Zamel v. Port of New York Auth., 56 N.J. 1, 6, 264 A.2d 201 (1970)** and requires: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353, 771 A.2d 1141 (2001) at 1149, Palanque v. Lambert-Woolley, 774 A. 2d 501 at 506. **Bernstein v. Board of Trustees of Teachers' Pension Annuity Fund, 151 N.J.Super. 71, 376 A.2d 563 (App.Div.1977)**. Appellant filed a notice of appeal, pursuant to **Rule 59(e),** and **4(a)(4)(A)(iv),** and did so **14 days** after receiving the final order, see **Marc Stephens Declaration**.

Pursuant to the United States Constitution, Appellant has a fundamental right to sue, and statues Fed. R. App. P. 4(a)(1) and 28 U.S.C. §1913 must yield to Appellant's appeal request. Appellant is a natural person under common law, not a corporation - commerce.

4

## II. THE PANEL IS IN CLEAR ERROR OF LAW AND FACTS AND OVERLOOKED APPELLANT'S ARGUMENTS AND LOCAL RULES:

A. **The Panel stated, "Stephens also sought leave to file an amended complaint, which the District Court denied. He <u>did not challenge</u> that aspect of the District Court's decision in his second motion for reconsideration", <u>Doc. #003112327937, page 2</u>.**

<u>**The Court of Appeals statement above is incorrect**</u>: In the '<u>conclusion</u>' of his second motion for reconsideration, plaintiff Marc Stephens, pro se, requested the District Court to grant his amended complaint which reads, "For the reasons above, Plaintiff's motion for reconsideration and to <u>amend the complaint should be granted</u>", **ECF no 25, page 3**. "Where the plaintiff is proceeding pro se, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." **Erickson v. Pardus, 551 U.S. 89, 93–94 (2007)**. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)**. See **Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)** (a court "must liberally construe [pro se] pleadings, and … apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.") (citations omitted).

"A motion for leave to amend is to be liberally granted, and without consideration of the ultimate merits of the amendment". **Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006)**. "We must accept as true all factual allegations in the amended complaint and all reasonable inferences that can be drawn from them. The amended complaint must be construed in the light most favorable to the plaintiff", **Banks v. Wolk, 918 F.2d 418, 423 (3d Cir.1990)**. Under Federal Rule of Civil Procedure 15(c) a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." **Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)**. If a proposed amendment is not clearly futile, the court should grant leave to amend, **Scott v. New Jersey State Police, Dist. Court, D. New Jersey 2014**", <u>**ECF no. 19, page 2-3**</u>.

Marc Stephens complaint and both motions for reconsideration states that New Jersey <u>admitted</u> to enforcing firearm permits, licensing, and gun control laws, **ECF no. 6, paragraphs 27-33**; see also **ECF no. 22**, and **ECF no. 25, page 1 – Clear error of Fact #1**. Marc Stephens also pleaded factual content that the United States Supreme Court held that the "State cannot enact gun control laws", and "could not interfere with the citizen's right to keep and bear arms", **ECF no 25, page 2-3, - Clear error of law #2**. The district court <u>did not appreciate plaintiff's</u>

evidence and deliberately overlooked factual and legal precedent held by the United States Supreme Court in Heller and McDonalds which are the controlling laws over Drake v Filko. Marc Stephens is **not re-arguing**, he is simply asking the District Court to please appreciate and consider the clear facts and laws regarding the right to keep and bear arms at home and in public that he placed on record. Marc's amended complaint should have been granted, and **reviewed de novo**, See **Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)**. "We cannot affirm the dismissal unless we can 'say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", **McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and Conley v. Gibson, 355 U.S. 41, 45-46 (1957)**).

> **B. The Panel stated, "A notice of appeal must be filed within 30 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1)", Doc. #003112327937, page 3.**

**Marc Stephens met the 30 day requirement**. Fed. R. App. P. 4(a)(4)(A)(iv) states, "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties **from the entry of the order disposing of the last such remaining motion**. Marc Stephens submitted a second motion for reconsideration on November 23, 2015, **ECF No. 25**, and the court entered an order disposing of that last remaining motion on December 1, 2015, **ECF No. 26**. Marc Stephens "timely filed his notice of appeal", **14 days later**, on December 15, 2015, **ECF No. 28**. Marc Stephens Motion to proceed in forma pauperis was granted on January 22, 2016, **Doc. #003112186355**.

Even if the Appellant untimely filed, the defendants never raised an objection that they were prejudice by the filing of the Notice of Appeal, "Courts understandably are more willing to overlook a notice's flaws in the absence of prejudice to the opposing party." (citations omitted)); Sanabria v. United States, 437 U.S. 54, 67 n. 21 (1978) ("A mistake in designating the judgment appealed from is **not always fatal**, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced."). **Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015).** "Prejudice involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." **National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990).**

"[N]avigating the appellate process without a lawyer's assistance is a perilous endeavor for a layperson." **Halbert v. Michigan, 545 U.S. 605, 621 (2005)** see also e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (emphasizing that "[a] document filed pro se is 'to be liberally construed'"); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (same); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (same). Accordingly, this Court can and should excuse inadvertent failures to comply with the Court's rules when they result from the difficulties inherent in proceeding pro se. **Cf. Schacht v. United States, 398 U.S. 58, 64 (1970)** ("The procedural rules adopted by the Court for the orderly transaction of its business … can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."), see **Marc Stephens Declaration**.

The Court need not worry that excusing petitioner's inadvertent failure to comply with its rules will set any kind of precedent for future cases, as the unusual events that led to that failure are exceedingly unlikely to repeat themselves. Marc Stephens second motion for reconsideration correctly put forward information regarding the dismissal of the complaint, amending the complaint, and his constitutional rights to keep and bear arms under Heller and McDonald, **ECF No. 25**. This information was clearly overlooked and not appreciated.

C. **The Panel states, "While Stephens's initial Rule 59(e) motion tolled the time to appeal, see Fed. R. App. P. 4(a)(4)(A)(iv), his second motion for reconsideration (which we also construe as a Rule 59(e) motion) did not, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984)", Doc. #003112327937, page 3**.

**The Court of Appeals statement above is incorrect**. Marc Stephens' second motion for reconsideration tolled the time to appeal. "There is no indication that the court meant to limit the usual rule that the district court is free to reconsider its decisions based on any reasonable ground", **cf. Rosen v. Rucker, 905 F.2d 702, 707 n. 5 (3d Cir.1990)** (second motion which is first request for reconsideration of issue arising only after court's original order treated as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4) when it is first opportunity to reconsider issue (in that case, delay damages)). **Bane v. Netlink, Inc., 925 F. 2d 637 - Court of Appeals, 3rd Circuit 1991, footnote 1**. Fed. R. App. P. 4(a)(4)(A)(iv) states, "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties **from the entry of the order disposing of the last such remaining motion"**.

Marc Stephens submitted his second motion for reconsideration in order to address, **for the first time**, the District Court following statement, "Plaintiff fails to demonstrate why this Court should reconsider its prior ruling. Consequently, Plaintiff—in his only remaining

argument—fails to show how this Court overlooked a clear error of law or fact", **see Martini's Opinion, ECF no. 23, page 2**.

In response to Judge Martini statement that he "**failed to show**" how the Court overlooked a clear error of law or fact, Marc Stephens proceeded to show the District Court in his 'second motion for reconsideration', **with specificity**, the clear errors of fact, error of law, **(on record)** and the additional information that Judge Martini did not appreciate, consider, and overlooked in order to prevent manifest injustice, **ECF no. 25, page 1-5**.

In the case **Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015),** used by the Panel, the Commonwealth motion was denied because it failed to identify **with specificity any legal or factual errors** in the R & R". Marc Stephens first and second motion for reconsideration identify with specificity the clear errors of facts, error of law, and that the Court obviously did not consider, or failed to appreciate the significance of probative, competent evidence, and overlooked dispositive factual or legal matters that was presented to it in order to prevent manifest injustice.

In **Turner v. Evers, 726 F. 2d 112 - Court of Appeals, 3rd Circuit 1984 at 114**, used by the Panel, "We recognize, of course, **the imperfection of the "apple metaphor"**: it is often **difficult** to decide which judicial act constitutes the apple". In addition, "If a litigant wishes to bring additional information to the Court's attention the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence" 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence. **Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) D'Atria v. D'Atria, 242 N.J. Super. [392,] 401 (Ch. Div. 1990).** It is necessary to correct a clear error of law or prevent manifest injustice.'" **Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1993), Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).**

"A judgment may be altered or amended if the party seeking reconsideration shows **at least one** of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." **Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010); Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1995) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).** "Manifest injustice pertains to situations where **a court** overlooks some dispositive factual or

8

legal matter that was presented to it". **See In re Rose, No. 06-1818, 2007 WL 2533894, at \*3 (D.N.J. Aug. 30, 2007).**

The **good reason** to grant the time for appeal is because Drake v Filko is clearly not the controlling law over Heller or McDonald, see **Turner v. Evers, at 114**. The District Court has clearly expressed its decision based upon a palpably incorrect or irrational basis, and it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence, and clearly overlooked the factual and legal matters that were presented to it as evident below:

- The District court dismissal of the complaint was based on the following, "The law provides no remedy for Plaintiff, and his facial challenges are dismissed with prejudice", **ECF no. 17, page 3-4**.

- Marc Stephens complaint and first motion for reconsideration stated that according to Heller and McDonald, "The State cannot interfere with the right of the citizen to keep and bear arms", **ECF no. 19, page 2, see also ECF no. 22**.

- The District Court **denied** the first motion for reconsideration based on the following, "However, the Court dismissed this claim in its prior opinion, noting that the Third Circuit has upheld New Jersey's firearm regulatory scheme as constitutional under Heller. (Docket No. 17.)", and "Third Circuit precedent has upheld New Jersey's "justifiable need" requirement as constitutional. See Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013)", **see ECF no. 23, page 3**. "Plaintiff fails to demonstrate why this Court should reconsider its prior ruling. Consequently, Plaintiff—in his only remaining argument—fails to show how this Court overlooked a clear error of law or fact", **see Martini's Opinion, ECF no. 23, page 2**.

- Marc Stephens second motion for reconsideration addressed **with specificity** the clear errors of fact, errors of law which was overlooked and not appreciated by the court, see **ECF no. 25, page 2 – Clear Error of Law#2** which reads, "*The district court argues that the Third Circuit has upheld New Jersey's "justifiable need" requirement as constitutional **under Heller**, Citing, Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013). McDonald v. City of Chicago (2010), which was decided **after** Heller, ruled "[T]he State cannot interfere with the right of the citizen to keep and bear arms. The right to keep and bear arms is included in the fourteenth amendment, under `privileges and immunities.'" Proceedings in the Ku Klux Trials at Columbia, S. C., in the United States Circuit Court, November Term, 1871, p. 147 (1872)", McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083. **ECF no. 22, page 3, paragraph 1**. Drake v Filko ruling does not supersede the United States Supreme court opinion that states **cannot** enact licensing laws. In addition, New Jersey **admits** that they are enacting gun control laws,*

9

*"Permits to carry handguns are "the most closely regulated aspect" of New Jersey's **gun control laws**. In re Preis, 118 N.J. 564, 573 A.2d 148, 150 (1990). Individuals who wish to carry a handgun in public for self-defense **must first obtain a license**. N.J.S.A. § 2C:39-5(b)"*, see Drake v. Filko, 724 F. 3d 426 - Court of Appeals, 3rd Circuit 2013 at 428-429. *"The **state cannot "enact any gun control law"** that they deem to be reasonable. Time and again, however, those pleas failed. Unless we turn back the clock or adopt a special incorporation test applicable only to the Second Amendment, municipal respondents' argument **must be rejected"***, McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3046, **ECF no. 22, page 4, paragraph 3**. *When slaves became citizens all 50 states passed firearm permit and license laws on all citizens which the United States Supreme Court has rejected in McDonald. In McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010, the City argued, "Article IV, § 2, prohibits only state discrimination with respect to those rights it covers, but does not deprive States of the power to deny those rights to all citizens equally". Id at 3075. The U. S. Supreme Court **rejected** this argument as "implausible", Id at 3077.* **ECF no. 22, page 7**.

In order to correct a clear error of fact, error of law, and to prevent manifest injustice, Marc Stephens simply **pointed out the specific information** in his first and second motion for reconsideration that the Court stated Marc "failed to show". The Court ignored the clear facts and legal precedent that the United States Supreme Court held "States cannot enact gun control laws", or "interfere with the citizen right to keep and bear arms", and firearm laws "did not apply to whites".

### D. The Panel stated, "We review the District Court's denial of the second Rule 59(e) motion for abuse of discretion"

**There is a clear abuse of discretion**. Drake v Filko was incorrectly reviewed under intermediate scrutiny, which stated, *"Here, we conclude that the requirement that applicants demonstrate a "justifiable need" to publicly carry a handgun for self-defense qualifies as a "presumptively lawful," "longstanding" regulation and therefore does not burden conduct within the scope of the Second Amendment's guarantee. Accordingly, we need not move to the second step of Marzzarella. Nevertheless, because of the important constitutional issues presented, we believe it to be beneficial and appropriate to consider whether the "justifiable need" standard withstands the applicable **intermediate level of scrutiny**"*. Opinion of the court, Third Circuit Court of Appeals, **ECF no. 15-1, page 3, see also ECF no. 25, page 2 – The fact #2 – Drake v Filko was reviewed under intermediate scrutiny**.

The District Court was required to hear Marc Stephens' complaint under <u>strict scrutiny</u>. *"Strict scrutiny" was required because the classification created by the statute infringed upon a fundamental right*, **Zablocki v. Redhail, 434 US 374 - Supreme Court 1978 at 381, see <u>ECF no. 25, page 2 – Clear error of law #1</u>.** The District Court abused its discretion by denying Marc Stephens complaint and both motions for reconsideration by <u>overlooking</u> the Supreme Court ruling in Heller and McDonald, which states "<u>States cannot interfere with the citizen right to keep and bear arms</u>", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083**, and "<u>cannot enact gun control laws</u>", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3046**. New Jersey's "Justifiable Need" and the requirement of citizens to first obtain a permit or license before obtaining a firearm, under Drake v Filko, is a "gun control law", which "interferes" with the citizen right to keep and bear arms in violation of the second amendment.

Other courts have correctly followed the holdings of the United States Supreme Court. In <u>Tyler v. Hillsdale County Sheriff's Dept., 775 F. 3d 308 - Court of Appeals, 6th Circuit 2014 (6th Cir. 2014)</u>, on December 18, 2014, the Sixth Circuit ruled that **strict scrutiny** should be applied to firearms regulations when regulations burden "conduct that falls within the scope of the Second Amendment right. In <u>Kolbe v. Hogan, Court of Appeals, 4th Circuit 2016 (4th Cir. 2016)</u>, on February 4, 2016, the Fourth Circuit vacated a U.S. District Court decision upholding a Maryland law banning high-capacity magazines and semi-automatic rifles, ruling that the District Court was **wrong to have applied intermediate scrutiny**. The Fourth Circuit ruled that the higher **strict scrutiny** standard is to be applied on remand. In <u>David J. Radich and Li-Rong Radich v. James C. Deleon Guerrero, 9th Circuit 2016 (9th Cir. 2016)</u>, struck down firearm laws similar to the State of New Jersey's Firearm Laws. In <u>Caetano v. Massachusetts, 136 S. Ct. 1027 - Supreme Court 2016</u>, approved the carrying of stun guns.

> **E. The Panel stated, "Rule 59(e) motions are appropriate <u>only to rectify plain errors of law</u> or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence or arguments that could have been offered earlier", Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008), <u>Doc. #003112327937, page 4</u>.**

**<u>The Court of Appeals statement above is incorrect</u>**. <u>Rule 59</u> does more than "<u>only rectify plain errors of law</u>". Rule 59 is appropriate for (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) <u>the need to correct a clear error of law, or fact, or to prevent manifest injustice</u>." **Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602**

**F.3d 237, 251 (3d Cir. 2010).** "Alternatively, if a litigant wishes to bring new or <u>additional information</u> to the Court's attention the Court should, in the interest of justice (and in the exercise of sound discretion), <u>consider the evidence</u>", **D'Atria v. D'Atria, 242 N.J. Super. [392,] 401 (Ch. Div. 1990). Harsco Corp. v. Zlotnicki, 779 F. 2d 906 - Court of Appeals, 3rd Circuit 1985.** A Rule 59(e) motion "is appropriate where <u>the court</u> has misapprehended the facts, a party's position, or the **controlling law (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)**. Marc Stephens submitted a second motion for reconsideration requesting the District Court to correct a clear error of facts, errors of law, and to stop <u>overlooking</u> the **controlling law** set by the United States Supreme Court in Heller and McDonald in order to prevent manifest injustice, see Appellants complaint **ECF no. 6, paragraphs #28-67**, and **ECF no. 22 and 25**. This information was <u>offered earlier</u> and the court <u>deliberately overlooked</u> it.

In **Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)**, used by the Panel, their motion was <u>dismissed</u> because, "*Exxon has been unable to demonstrate that any rule supported the motion, we need not choose the best of the worst, and risk implying that this last-minute motion was appropriate under any rule. Suffice it to say that, whatever type of motion it was supposed to be, <u>it was very, very late</u>*" **Id at footnote 5**. Marc Stephens clearly demonstrated that his second motion for reconsideration was <u>timely</u> and allowed under <u>Rule 59(e)</u>, that he was **not** re-litigating an old matter, and raised his constitution argument in his complaint, and first and second motion for reconsideration, which the Court <u>deliberately overlooked</u>.

F. **"Stephens then filed a second motion for reconsideration, which was very <u>similar to the first</u>", page 2. "Here, Stephens's second Rule 59(e) motion <u>pressed the same arguments</u> that he had advanced in his previous filings; "[b]ecause this is not a proper basis for reconsideration [under Rule 59(e)], the District Court appropriately denied the motion" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010), <u>Doc. #003112327937, page 4</u>.**

The factual and legal issues surrounding the earlier motion and the current motion are **not** roughly similar. Marc Stephens put forward <u>additional information</u> regarding the holding in <u>Heller and McDonald</u> which the District Court <u>deliberately overlooked</u> as mentioned in the court opinion which states, "*Plaintiff <u>fails to demonstrate</u> why this Court should reconsider its prior ruling. Consequently, Plaintiff—in his only remaining argument—<u>**fails to show**</u> how this Court overlooked a clear error of law or fact*", **see Martini's Opinion, ECF no. 23, page 2**.

A Rule 59(e) motion "is appropriate where <u>the court</u> has <u>misapprehended the facts, a party's position</u>, or the **controlling law (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)**. The court clearly misapprehended and did not consider all the facts because it <u>did not directly address each fact, law, or count</u>. **Not once** did the District Court

12

address in its opinion Marc Stephens' constitutional argument that Heller and McDonald held that the "States cannot interfere with the citizen right to keep and bear arms", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083**, and "cannot enact gun control laws", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3046**, which are the **controlling laws** over Drake v Filko. **Not once** did the District Court address in its opinion Marc Stephens' argument that New Jersey's legislature passed their Firearm Laws "based on racism and discrimination against black freedmen", **ECF no. 25, page 1 – Clear error of fact #1**. Instead, the District Court addressed all issues raised by Marc Stephens as "**rambling**": "*Though Plaintiff's rambling complaint attempts to allege violations of the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, the substance of Plaintiff's complaint is that New Jersey violated his Constitutional right to purchase a gun*", **ECF no. 17, page 2**.

The District Court, and the Panel, refused to acknowledge Marc Stephens compelling argument that "Firearm Laws" are unconstitutional in all 50 states based on racism and discrimination, **ECF no. 25**. "Many legislatures amended their laws prohibiting slaves from carrying firearms to apply the prohibition to **free blacks** as well". **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3081.** Others **enacted legislation** prohibiting blacks from carrying firearms without a license, **a restriction not imposed on whites**, McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3082.

In **Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010),** used by the Panel, the complaint and motion for reconsideration were denied because (1) "*Lazaridis has failed to carry this burden. Further, although he did not raise his federal constitutional claims in state court and would likely be precluded from doing so now, this does not save his claim.*", **Id at 671**…and (2) Because "*Lazaridis may not represent his child in federal court as a non-lawyer*", **Id at 672**. Marc Stephens carried his burden in State and Federal court and his claim has merit. Heller and McDonald hold precedent over Drake v Filko. The panel should grant the appeal.

### III. MARC STEPHENS' COMPLAINT, MOTIONS FOR RECONSIDERATION, AND APPEAL HAS MERIT

**The panel stated, "Finding no substantial question raised by this appeal, we will summarily affirm the District Court's order denying Stephens's second Rule 59(e) motion", Doc. #003112327937, page 4.**

Marc Stephens raised an independent constitutional claim against the defendants. "Claims of actual innocence based on newly discovered evidence are never grounds for federal

habeas relief absent an **independent constitutional violation**." Lee v. Tennis, No. 08–1972, 2010 WL 3812160, *5 (M.D.Pa. Sept. 22, 2010).

The substantial question raised is "Whether the trial court erred in dismissing the plaintiff's complaint and motions for reconsideration with prejudice holding that New Jersey Firearm permit and licensing laws are constitutional under Drake v. Filko, 724 F.3d 426, 429 (3d Cir. 2013)". The United States Supreme Court made it **loud and clear** that the "States cannot interfere with the citizen right to keep and bear arms", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083**, and "cannot enact gun control laws", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3046**, which are the **controlling laws** over Drake v Filko. Drake v Filko **admits** they are enacting gun control laws, "Permits to carry handguns are "the most closely regulated aspect" of New Jersey's **gun control laws**. In re Preis, 118 N.J. 564, 573 A.2d 148, 150 (1990). Individuals who wish to carry a handgun in public for self-defense **must first obtain a license**. N.J.S.A. § 2C:39-5(b)", see **Drake v. Filko, 724 F. 3d 426 - Court of Appeals, 3rd Circuit 2013 at 428-429**. A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the **controlling law (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)**. "Reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law. See **Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) at 909**, **Max's Seafood Cafe V. Quinteros176 F.3d 669, 678 (3d Cir. 1999) at 678**.

**IV. THE PANEL SHOULD HAVE REVIEWED THE APPEAL DE NOVO**

Pursuant to **Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)**, "to the extent that the denial of reconsideration is predicated on an **issue of law**, such an issue is reviewed **de novo**".

The panel should have also reviewed the appeal under the de novo standard because the district court opinion was "clearly erroneous" **Concrete Pipe and Prods. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993)** because a "mistake has been committed." **Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 (1982)**. Appellant put forth "substantial evidence" **Richardson v. Perales, 402 U.S. 389, 401 (1971)** that the court abused its discretion by denying appellant's complaint, and motions for reconsideration, See **Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)**. Drake v Filko **does not** hold precedent over Heller or McDonald which held, "States cannot interfere with the citizen right to keep and bear arms", **McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, at 3077-3083**, and "cannot enact gun control laws", Id at 3046, see **ECF no. 6**, **ECF no. 22** and **ECF no. 25**.

In addition, Heller states, "[s]urely a most familiar meaning is, as the Constitution's Second Amendment … indicate[s]: <u>'wear, bear, or carry … upon the person or in the clothing or in a pocket, for the purpose … of being armed and ready for offensive or defensive action in a case of conflict with another person.</u>' " Id., at 143 (dissenting opinion) (quoting Black's Law Dictionary 214 (6th ed. 1998)). We think that Justice Ginsburg accurately captured the natural meaning of "bear arms.", **ECF no. 15-1, page 3.**

## CONCLUSION

Marc Stephens has a fundamental constitutional right to access of the court, timely filed his notice of appeal 14 days after receiving the entry of the order disposing of the last such remaining motion for reconsideration, substantially complied with the rules of the court regarding when to file a notice of appeal, and raised a valid second amendment constitutional claim against the defendants, which has merit. The Rooker-feldman doctrine does not apply.

WHEREFORE, for all the foregoing reasons, petitioner respectfully requests that this Court should expedite and grant the petition for rehearing and rehearing en banc, vacate the order dismissing the complaint, motions for reconsideration, and appeal, and restore this case to its merits docket.

Respectfully submitted,

_(signature)_

Marc Stephens

201-598-6268

### CERTIFICATE OF SERVICE

I, Marc Stephens, Plaintiff-Appellant, pro se, hereby certify that on June 23, 2016, I filed a petition for rehearing/en banc using the CM/ECF system, which will then send a notification to the defendants Honorable Judge Edward A. Jerejian, Attorney General John J. Hoffman, and their counsel:

Adam Robert Gibbons, DAG: Adam.Gibbons@dol.lps.state.nj.us
Alex J. Zowin: Alex.Zowin@dol.lps.state.nj.us


**MARC ANTHONY STEPHENS**
Plaintiff-Appellant, pro se

<u>By:  s / Marc Anthony Stephens</u>
Marc Anthony Stephens

15