UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3992
_____

MARC A. STEPHENS, Appellant

v.

THE HONORABLE EDWARD A. JEREJIAN, in his Official Capacity as Judge of the
Superior Court of Bergen County; CHIEF ARTHUR OKEEFE, as an individual, and in
his Official Capacity as Chief of the Englewood, New Jersey Police Department;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-14-cv-06688)
District Judge: Honorable William J. Martini
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: June 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Marc Stephens attempts to appeal from several of the District Court's orders. For the following reasons, we will dismiss the appeal insofar as Stephens challenges the District Court's orders granting the defendants' motion to dismiss and denying Stephens's first motion for reconsideration, and summarily affirm the District Court's order denying Stephens's second motion for reconsideration.

In 2013, Stephens filed an application for a firearms purchaser identification card and an application for a permit to purchase a handgun with the Englewood, New Jersey Police Department. The police chief denied the applications. Stephens appealed to the New Jersey Superior Court, which, on de novo review, also denied the applications.

Stephens then filed this action under 42 U.S.C. § 1983. He alleged that, both facially and as applied to him, New Jersey's firearms regulations violate his rights under the First, Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution. The defendants filed a motion to dismiss the complaint, and the District Court granted the motion on August 6, 2015.

Stephens filed a motion for reconsideration, reiterating arguments that he had made in his complaint and in opposition to the defendants' motion to dismiss.[1] The District Court denied the motion on November 13, 2015. Stephens then filed a second motion for reconsideration, which was very similar to the first. The District Court also

---

[1] Stephens also sought leave to file an amended complaint, which the District Court denied. He did not challenge that aspect of the District Court's decision in his second motion for reconsideration.

2

denied that motion, and on December 15, 2015, Stephens filed a notice of appeal. He has since filed a motion to expedite the appeal.

We need not engage Stephens's constitutional arguments. To the extent that Stephens challenges the District Court's order dismissing his complaint or its order denying his first motion for reconsideration (which we construe as a motion under Fed. R. Civ. P. 59(e), see Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013)), we lack jurisdiction. A notice of appeal must be filed within 30 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1). The District Court entered its order dismissing the complaint on August 6, 2015. While Stephens's initial Rule 59(e) motion tolled the time to appeal, see Fed. R. App. P. 4(a)(4)(A)(iv), his second motion for reconsideration (which we also construe as a Rule 59(e) motion) did not, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Stephens did not file his notice of appeal within 30 days of either the District Court's order granting the defendants' motion to dismiss or its order denying his first Rule 59(e) motion. See Ludgood v. Apex Marine Corp. Ship Mgmt., 311 F.3d 364, 367 (5th Cir. 2002) ("a notice of appeal is effective on the date it is actually filed, and is filed as of the date it is actually received by the court, not as of the date it is mailed" (internal citations omitted)); see generally Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015). Accordingly, insofar as Stephens appeals the District Court's dismissal order or its denial of the first Rule 59(e) motion, we will dismiss the appeal for lack of jurisdiction. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

We review the District Court's denial of the second Rule 59(e) motion for abuse of discretion. See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Rule 59(e) motions are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence or arguments that could have been offered earlier. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); Max's Seafood Café, 176 F.3d at 677. Here, Stephens's second Rule 59(e) motion pressed the same arguments that he had advanced in his previous filings; "[b]ecause this is not a proper basis for reconsideration [under Rule 59(e)], the District Court appropriately denied the motion." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Finding no substantial question raised by this appeal, we will summarily affirm the District Court's order denying Stephens's second Rule 59(e) motion. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In all other respects, we will dismiss the appeal. Stephens's motion to expedite is denied.